IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Keith Nesbitt, ) | C/A No. 0:13-2602-RMG-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Tyger River Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Brian Keith Nesbitt ("Petitioner"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Petitioner's motion requesting a preliminary injunction and temporary restraining order in this case. (ECF No. 14.) Having carefully reviewed the motion in accordance with applicable law, the court finds that it should be denied.[1]

**I.     Factual and Procedural Background**

In his motion, Petitioner alleges that he is the "subject of harassment, intimidation, and interference in retaliation for having filed" this action. (Id. at 2.) Petitioner further asserts "that he is the victim of . . . threats ranging from verbal abuse to intended disciplinary action and sanctions for alleged violations of SCDC policy." (Id. at 2-3.) Petitioner asks this court to issue an order directing Respondent to: (1) cease "all forms of harassment, intimidation and interference which obstructs hinders, prevents, and retards" Petitioner's access to the courts; (2) allow Petitioner access

---

[1] A separately docketed order directs service of the Petition seeking habeas relief under § 2254.



to copies, legal correspondence, supplies, law library books and materials during his appointed time in the institutional law library; and (3) stop interfering with Petitioner while he is actively pursuing his claims for relief in this court. (Id. at 3-4.)

## II.     Discussion

### A.     Standard of Review

A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reissued in part by 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[2] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. Winter, 555 U.S. at 20-23; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. See Real Truth, 575 F.3d at 346-47.[3] Finally, the court must pay particular regard to the

---

[2] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

[3] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 21-23.



public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

**B.     Analysis**

In his motion, Petitioner asserts that he has been harassed and intimidated, verbally abused, and denied access to this court in retaliation for filing civil lawsuits. (ECF No. 14 at 2-3.) As an initial matter, state prisoners challenging the fact or duration of their confinement ordinarily proceed under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). However, a civil rights action under 42 U.S.C. § 1983 is the proper vehicle to challenge the conditions of prison life. Preiser, 411 U.S. at 499. Thus, Petitioner seeks relief which is not available under § 2254. Further, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a *pro se* pleading, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the pleading must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the pleading's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678-79. The instant motion provides no factual allegations to support Petitioner's conclusory allegations. Therefore, Petitioner fails to demonstrate that he is likely to succeed on the merits of his claims.

Petitioner's motion further asserts that, if relief is not granted, Petitioner could be sanctioned for violations of prison policy and that his ability to litigate this case could be frustrated. (ECF No.

14 at 3.) However, Petitioner's allegations rest on mere speculation or conjecture, as he fails to demonstrate any pending prison disciplinary sanctions or current impediment to his court access. See Winter, 555 U.S. at 22 (stating that a mere possibility of harm is not sufficient to warrant injunctive relief); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) ("Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations."). In addition, Petitioner fails to meet his burden of proving that the balance of equities tips in his favor, and fails to show how public interest would be served by the issuance of a preliminary injunction or temporary restraining order. As Petitioner has not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, Petitioner's motion should be denied.

### III.   Conclusion

Accordingly, the court recommends that Petitioner's motion be denied. (ECF No. 14.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 2, 2013
Columbia, South Carolina

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).