IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Keith Nesbitt, ) | |
| ) | No. 0:13-cv-2602-RMG |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden Tyger River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court deny Petitioner's motion for a preliminary injunction and temporary restraining order. (Dkt. No. 18). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Petitioner, proceeding pro se and in forma pauperis, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this matter was automatically referred to a Magistrate Judge for pretrial proceedings. Petitioner then filed a motion for a preliminary injunction and temporary restraining order. (Dkt. No. 14). The Magistrate Judge then issued the present R&R. (Dkt. No. 18). Petitioner then filed timely objections to the R&R. (Dkt. No. 22).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made.

1

Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### Discussion

After review of the record, the R&R, and Petitioner's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R&R as the order of the Court. In his motion, Petitioner asks the Court for an order restraining Respondent from harassing, intimidating, and interfering with his prosecution of this case. However, because these are challenges to the conditions of his confinement, Petitioner cannot seek this relief in the context of this § 2254 action. *See Dandar v. Krysevig*, 371 Fed. App'x 251 (3d Cir. 2010) (denying motion for injunction in § 2254 action). Rather, Petitioner should request this relief in a § 1983 action. *Id.*[1]

### Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 18). Accordingly, the Court denies Petitioner's motion for a preliminary injunction and temporary restraining order. (Dkt. No. 14).

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

January 8, 2014
Charleston, South Carolina

---

[1] The Court notes that Petitioner has in fact sought this same preliminary injunctive relief in the context of a § 1983 claim filed fifteen days before he filed this habeas petition. *Nesbitt v. S.C. Dep't of Corr., et al.*, No. 0:13-cv-2456-RMG.

2