IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Brian Keith Nesbitt, | ) Civil Action No. 0:13-cv-2602-RMG |
| Petitioner | ) |
| v. | ) **ORDER** |
| Tyger River Correctional Institution, | ) |
| Respondent | ) |

This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. No. 27). As explained herein, the Court adopts the Magistrate's Report and Recommendation ("R&R") (Dkt. No. 35) and GRANTS Respondent's motion.

## I. Background

Brian Keith Nesbitt ("Petitioner") is currently a prisoner at the Tyger River Correctional Institute. Proceeding pro se and in forma pauperis, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this matter was automatically referred to a Magistrate Judge for pretrial proceedings. Respondent filed a Motion for Summary Judgment (Dkt. No. 27) and a Return and Memorandum to the Petition (Dkt. No. 28), and the Magistrate Judge issued the present R&R, recommending that the motion be granted. Petitioner filed timely objections to the R&R (Dkt. No. 37) and supplemental objections (Dkt. No. 43).

Petitioner was indicted in May 2005 for assault and battery with intent to kill, assault with intent to kill, and two counts of resisting arrest. He entered a plea of *nolo contendere* to lesser charges, and was sentenced to two consecutive ten year sentences and two concurrent one year sentences. The R&R provides a comprehensive and concise procedural review of Petitioner's appeal, application for postconviction relief, and petition for a writ of certiorari from the denial of postconviction relief ("PCR"). R&R at 1-3. After the South Carolina Court of Appeals denied Nesbitt's petition for certiorari, he filed this Petition for a writ of habeas corpus, submitting a long list of complaints as to his sentencing, appeals, ineffective assistance of counsel, and treatment in prison. For the reasons to follow, the Court adopts the R&R in whole.

## II. Discussion

### A. Summary Judgment Standard of Review

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his

2

pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made.

### B. Federal Habeas Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s standard for review of federal habeas corpus claims is a difficult one for a petitioning prisoner to meet. Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28

U.S.C. § 2254(e)(1). Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786 (2011) (citation omitted).

### C. Grounds for Habeas Analyzed in the R&R

After review of the record, the R&R, and Petitioner's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R&R as the order of the Court. The majority of Petitioner's claims were procedurally defaulted, as they were not raised and preserved in his state proceedings. R&R at 10-14 (discussing Petitioner's arguments on Fourth Amendment violations, manipulation of documents, Brady violations, malicious prosecution, denial of due process and equal protection, conspiracy, and alteration of his sentencing). Others are not cognizable in this court because they do not address federal law. *Id.* at 14-15 (discussing Petitioner's arguments regarding ineffective assistance of his PCR counsel, deficiencies in the indictment process, and errors by the sentencing court).

Finally, Petitioner alleges that he had ineffective assistance of counsel at his criminal trial. As the R&R explains, *Strickland v. Washington*, 466 U.S. 668 (1984) requires that a petitioner show on a state appeal that 1) his counsel was deficient in his representation and that 2) he was prejudiced as a result. When a federal habeas court reviews a state court's decision denying an ineffective assistance of counsel claim, the standard is even higher, and "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 788 (2011). Here, the PCR court appropriately applied the

4

*Strickland* test, reviewing testimony from Petitioner's former attorney regarding the investigation, research, preparation, and advice he provided for Petitioner. R&R at 18-20. Petitioner has not met the strict requirements for a finding of ineffective counsel by this Court.

### D. Petitioner's Objections

Petitioner filed two sets of objections (Dkt. No. 37 and Dkt. No. 43). Both filings reiterate arguments that the Magistrate Judge addressed sufficiently in her R&R on Petitioner's Motion for Preliminary Injunction (Dkt. No. 18) and the R&R presently before the Court. He argues that the state court's decision in his case was "contrary to or involved an unreasonable application of clearly established federal law." (Dkt. No. 43 at 2). However, he fails to provide specific evidence that such an unreasonable application took place. (*Id.* at 2-8). Conclusory statements of applicable legal standards are not sufficient to defeat a motion for summary judgment. *See Thompson v. Potomac Elec. Power Co.*, 312 F.3d at 649. Petitioner's ineffective assistance of counsel arguments, as the Magistrate explained, have been countered by the testimony of his former attorney, and do not meet *Strickland*'s deferential standard.

Petitioner's Fourth Amendment arguments (Dkt. No. 43 at 10) are not relevant to the charges he was sentenced for, which were assault, battery, and resisting arrest charges.

Finally, Petitioner reiterates a number of arguments relating to his treatment in prison, including inappropriate use of solitary confinement and insufficient medical treatment. (*Id.* at 9-10, 17; Dkt. No. 37 at 1-3)). As this Court ruled in adopting the R&R on the Motion for Preliminary Injunction (Dkt. Nos. 18, 24), a civil rights claim alleging constitutional violations must be addressed via a Section 1983 suit, not through a habeas petition. However, a civil rights action under 42 U.S.C. § 1983 is normally the proper vehicle to challenge the conditions of

prison life. *See Preiser v. Rodriguez*, 411 U.S. 475, 499; *Ajaj v. Smith*, 108 F. App'x 743, 744 (4th Cir. 2004).

### III. Conclusion

A review of the record indicates that the Magistrate Judge's report accurately states the case and the applicable law. For the reasons articulated by the Magistrate Judge, Defendants' Motion for Summary Judgment (Dkt. No. 27) is **GRANTED** and the habeas petition is dismissed.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

September 7, 2014
Charleston, South Carolina

6