IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Brian Keith Nesbitt, # 201166,          )
                                        )
                Plaintiff,              )      Civil Action No. 0:13-2602
                                        )
        vs.                             )
                                        )
Warden, Tyger River Correctional        )
Institution,                            )      **ORDER**
                                        )
                Defendant.              )
                                        )

This matter was remanded by the United States Court of Appeals for the Fourth Circuit to

this Court on April 1, 2015, to make a factual determination regarding when Plaintiff delivered

his Notice of Appeal in this matter to his prison mailroom. (Dkt. No. 58). By order dated April

6, 2014, the Court directed the parties by May 6, 2015, to provide "all information and

documents in your possession relating to date Plaintiff delivered his Notice of Appeal in this

matter to the prison mailroom." (Dkt. No. 59). The Defendant filed a response that included an

affidavit of the mailroom coordinator and a document relating to the payment of postage costs by

the Plaintiff for his mailing to the Fourth Circuit. (Dkt. No. 62-1). Plaintiff filed no response.

To timely file an appeal from an order of the District Court to the Court of Appeals, a

party must file a Notice of Appeal "within 30 days after the entry of judgment." Fed. R. App. P.

4(a)(1). Where a party is incarcerated, the Notice of Appeal is deemed filed when it is

"deposited in the institution's internal mail system." Fed. R. App. P. 4(c)(1).

The District Court order from which Plaintiff appealed was entered on September 9,

2014, and judgment on that order was entered by the Clerk the same day. (Dkt. Nos. 44, 45).

-1-

Plaintiff's Notice of Appeal was received by the Clerk of the Fourth Circuit Court of Appeals on October 20, 2014. (Dkt. No. 53). The mailing envelope for the Notice of Appeal indicated that the Notice was received in the Allendale Correctional Institution ("ACI") mailroom on October 15, 2014, and the postage on the envelope also carried the October 15, 2014 date. (Dkt. No. 53-1 at 1, 2). The Notice of Appeal, which was prepared by hand by Plaintiff, carried the date of September 10, 2014. (Dkt. No. 53 at 1, 18).

This discrepancy between the date stamped on the envelope in the prison mailroom (October 15, 2014) and the date entered by the Plaintiff on his Notice of Appeal (September 10, 2014) is obviously material to the issue of whether Plaintiff timely filed his Notice of Appeal. The Defendant has submitted an affidavit from the mailroom coordinator at ACI indicating that the facility does not maintain a record of outgoing legal mail but does document any costs advanced for postage for legal mailing. (Dkt. No. 62-1 at 1). The postage cost sheet indicates that on October 14, 2014, Plaintiff's prison account was debited $2.01 for "Legal Mail U.S. Court of Appeals 4th Circuit, Richmond, Virginia 23219." (*Id.* at 4). The postage cost sheet is signed by Plaintiff. (*Id.*). These documents tend to corroborate the date stamp of the mailroom and the postage date on the envelope of October 15, 2014.

A review of the District Court ECF Docket Sheet also produces evidence showing that it is highly improbable, if not impossible, for Plaintiff to have prepared and submitted a Notice of Appeal on September 10, 2014. On the date of the District Court's order, September 9, 2014, the Clerk was utilizing the address of Plaintiff at the Tyger River Correctional Institution, where he was incarcerated at the time of the filing of his legal action. (Dkt. Nos. 1-1 at 1, 14; 1-3 at 1; 9-2 at 1; 22-1 at 1; 32-1 at 1; 37-1 at 1, 38-1 at 1). Thus, the Clerk mailed the District Court's order

to Plaintiff at the Tyger River Correctional Institution on September 9, 2014. (Dkt. No. 46). However, on September 10, 2014, literally one day after mailing the District Court's order to Plaintiff at the Tyger River facility, the Clerk received a Change of Address form from Plaintiff indicating he was now incarcerated at the Allendale Correctional Institution. (Dkt. No. 47). The Change of Address form was mailed in an envelope indicating it had been received at the Allendale Correctional Institution mailroom on September 8, 2014. (Dkt. No. 47-1 at 1). This indicates to the Court that by September 8, 2014, Plaintiff was most probably already residing in the Allendale facility. When the Clerk of the District Court received this Change of Address form on September 10, 2014, another copy of the District Court's order was mailed that day to Plaintiff at his new address. (Dkt. No. 48). Thus, Plaintiff would not have received a copy of the District Court's order at his new place of incarceration, Allendale Correctional Institution, until after September 10, 2014, which casts strong doubt as to the reliability of the Plaintiff's dating of his Notice of Appeal.

Based upon the foregoing, the Court finds that most probably Plaintiff obtained postage for the mailing of the Notice of Appeal on October 14, 2014, and the envelope was formally marked received and postage was applied in the ACI mailroom on October 15, 2014. Further, the Court finds that most probably Plaintiff did not prepare his Notice of Appeal on September 10, 2014, as he indicated on the Notice. Therefore, the Court finds that Plaintiff's Notice of Appeal was untimely submitted to the Court of Appeals.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 12, 2015.