# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Keith Nesbitt, #201166, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:13-2602 |
| vs. ) | |
| ) | |
| Warden, Tyger River Correctional ) | |
| Institution, ) | |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's motion to amend or alter its order of May 12, 2015, finding that Plaintiff's filing of his Notice of Appeal to the Fourth Circuit Court of Appeals was untimely. (Dkt. No. 69). A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure should be granted only in the limited circumstances where it is necessary (1) to accommodate an intervening change in law; (2) to account for new evidence not previously available to the Court; or (3) to correct a clear error of law or prevent manifest injustice. *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

This Court found in its May 12, 2015 order that judgment was entered in this matter on September 9, 2014, and that the Notice of Appeal was submitted by Plaintiff for mailing on or about October 14-15, 2014. The Court further found that Plaintiff's dating of his Notice of Appeal on September 10, 2014 was "highly improbable, if not impossible" and that "most probably Plaintiff did not prepare his Notice of Appeal on September 10, 2014, as indicated on the Notice." (Dkt. No. 64 at 2-3).

Plaintiff now admits that dating his Notice of Appeal September 10, 2014 was a "mistake," but argues that his delivery of the Notice of Appeal to the prison mailroom on or about October 14-15, 2014, was timely because he did not actually receive a copy of the Court's judgment in this matter until September 16, 2014. (Dkt. Nos. 69 at 2; 69-1 at 3-4). Plaintiff's argument appears based on the erroneous assumption that the 30-day rule for filing the Notice of Appeal does not begin to run until a party actually receives a copy of the Notice. In fact, the Rule provides that the 30-day period runs from the date of the "entry of judgment." Fed. R. App. P. 4(a)(1). An exception exists where a party does not receive notice of the entry of judgment or of the order sought to be appealed within 21 of the entry of judgment. Fed. R. App. P. 4(a)(6)(A). It is clear that Plaintiff actually received a copy of the order on or about September 16, 2014. (Dkt. Nos. 48, 61-1 at 4).

The Court finds that Plaintiff has failed to meet the standards for altering or amending a judgment under Rule 59(e). Therefore, Plaintiff's motion to alter or amend the judgment (Dkt. No. 69) is denied.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

May 26, 2015
Charleston, South Carolina